IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-00078-01-CR-W-FJG |
| | ) | |
| MICHAEL D. TOAL, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATON

On March 16, 2010,  defendant was charged with production of child pornography (Count I), attempted receipt of child pornography over the internet (Count II),  and possession of child pornography (Count III) in violation of 18 U.S.C. § 2251, 2252(a)(2) and 2252(a)(4). (Doc. # 11)

On September 8, 2010, defendant entered a plea of guilty to Count I of the Indictment.  (Doc. # 24) The sentencing hearing  commenced on April 27, 2011, but was continued to allow further briefing on sentencing issues. (Doc. # 36) Following that proceeding, counsel for defendant  filed a  Motion for Determination of Mental Competency, pursuant to 18 U.S.C. § 4241, asking that defendant undergo a psychiatric or psychological examination and that a  report be filed with the Court concerning the defendant's mental ability to understand the proceedings presently pending against him and to properly assist in his defense.  (Doc # 42)

On July 27, 2011, the court  held a hearing on the issue of the defendant's competency to stand trial.  The parties stipulated that the Court could consider the  Forensic Evaluation of  July 21, 2011, prepared by David E. Morrow, Ph.D., Forensic Psychologist at the Federal Detention Center in Englewood Colorado.   No other evidence was offered on the issue of defendant's competency to stand trial.

The forensic evaluation indicates that defendant had been diagnosed with a variety of physical/health related issues including Behcet's Disease, Diabetes, Type II, Hypertension, Coronary Atherosclerosis, Elevated Cholesterol and Gout. Defendant's Axis I diagnoses included: Adjustment Disorder with Mixed Anxiety and Depressed Mood and Alcohol Abuse in a Controlled Environment. (Forensic Evaluation at 12) Dr. Morrow noted that Mr. Toal presented as having had several psychotic episodes from May 12, 2011 to June 11, 2011. (Id.) The wide array of psychotic symptoms included auditory, visual and tactile hallucinations. (Id.) The psychotic symptoms were episodic in nature with no residual symptoms. (Id.) Psychotic symptoms can be caused by mental disorders, a reaction to ingesting substances or by medical conditions. (Id.) Thus, the evaluator considered Mr. Toal's reported symptoms in light of these three categories. (Id.)

After considering a number of facts in each of these categories, Dr. Morrow concluded that "the most likely explanation appears to be that Mr. Toal's reported psychotic symptoms were not authentic, but rather were feigned." (Id. at 15) Dr. Morrow concluded that:

> [i]n general, Mr. Toal demonstrated an adequate understanding of the nature and consequences of the court proceedings against him, and an adequate ability to cooperate and assist counsel in his defense. During interviews with the evaluator, Mr. Toal knowledgeably discussed his legal situation and the issues related to sentencing. His intellectual functioning was assessed to be in the Average range and his verbal comprehension skills, particularly relevant to being competent, were especially strong. He should have no difficulty grasping and applying any pertinent legal knowledge his attorney would need to communicate. Though he has not completed the bar exam, he did complete law school in 2005.

(Id. at 16) Based upon Mr. Toal's factual and rational understanding of the proceedings and demonstrated ability to consult with his attorney with a reasonable degree of rational understanding, Dr. Morrow concluded that Mr. Toal was not suffering from a mental disease of defect rending him unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. (Id. at 17) Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and

applicable law, enter an order finding that defendant Michael Toal  is not currently suffering from a mental disease or defect which would prevent him from understanding the nature and consequences of the proceedings against him or assisting in his defense and that he is competent to stand trial.

Counsel are reminded they have fourteen days from the date of  this Report and Recommendation within which to file and serve objections.  A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on grounds of plain error or manifest injustice.

_____/s/ Sarah W. Hays_____
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE